By the Court.—Freedman, J.
At the trial, the-proof showed that the cut had existed for some time-before the accident, and that the purpose for which it had been dug was to put in Croton w&ter pipes. The work, under the statutes applicable, was presumably done by the defendants through the department of public works, and as no defense has been set up in the answer to the effect that in fact it was done by independent contractors, it must be held, for the purposes of this case, that it was done by the defendants themselves.
It was, therefore, not necessary for the plaintiff to prove express or implied notice to the defendants of the existence of the cut as a nuisance. On the other hand, the cut was not a nuisance per se, because it was. made pursuant to lawful authority. But as the defendants were directly engaged in the prosecution of the work, they must be held answerable for negligent performance causing injury. True, they were not insurers of the safety of all persons who, during the progress of the work, had occasion to pass upon, along, or across, the said avenue, but they were bound to exercise proper care and precaution, with the view off rendering the passage of all such persons safe. What constituted such care and precaution must necessarily *346 be determined upon the peculiar facts of the case, for negligence is always relative as to time, place, person and surrounding circumstances. Protection to persons using .ordinary care and prudence on their part, is all that is required, and if that is sufficient under all the circumstances, it matters not what means are employed .to that end.
The defendants, at the trial, principally relied for their exoneration upon the fact that, at the close of ■each day’s work, inclusive of the evening of the accident, the requisite protection was provided by the erection of a substantial and sufficient barricade along the side of the out. The plaintiff, on the other hand, gave •proof showing that, at the time of the accident, there was no barricade at or near the spot where she fell into the cut. The question of the existence of the barricade at the precise time and place was, therefore, a question for the jury, and so was the question as to its character and sufficiency.
But if, under all the circumstances of the case, including the nature and extent of the excavation, the character of the locality, the state of travel upon the avenue and the intersecting streets, the character of the barricade and the manner of its construction, and the dangers to which it might be reasonably expected to be exposed if left unguarded by watchmen, the barricade as actually put up at the close of each day’s work, including the evening in question, was a sufficient protection to persons using ordinary care and prudence on their part, then the defendants cannot be held responsible for its removal by the mischievous ■or wrongful acts of third persons of which they had no notice, though no watchman was employed for the special duty of standing guard, and they were entitled to have the jury instructed to this effect. They were also entitled to have the jury instructed, as they requested, that if the place was well and sufficiently *347 guarded by barricades, lights were unnecessary, and to omit them would not be negligence. There are cases in which it is said, in general terms, that dangerous points in the highway should be barricaded and lighted ; but such language was so employed to declare the rule that dangerous places in the public highway should be well and sufficiently guarded. If well and sufficiently guarded by barricades, lights are unnecessary, and then to omit them is not negligence.
The foregoing views were enforced in Parker v. City of Cohoes (10 Hun, 531; affirmed by the court of appeals, in 74 N. Y. 610); and under the decision of that case, the refusal of the learned judge below to instruct the jury upon the points referred to, as requested, constituted error.
The case of McDermett v. City of Kingston (6 Abb. N. C. 246), relied on by the respondent, was reversed by the general term, as appears from the report in 19 Hun, 198.
The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.
Sedgwick, Ch. J., and Truax, J., concurred.